# Independent Brick Selling Company to use, Appellant, *v.* Central Trust & Savings Co.

*Contract—Guaranty of payment—Building operation.*

A contract for bricks for a building operation provided for a fixed number of bricks for a fixed sum, half to be paid in cash on delivery of the bricks, and half in notes. The contract also provided that a trust company should guaranty the cash portion of the contract and also the payment in full of the notes. It was further provided that no extra charge for material should be made unless the matter was reduced to writing, and that such writing was to be regarded as a separate and distinct contract. The trust company executed a writing guaranteeing payment of the notes. The company subsequently guaranteed and paid the whole amount, one-half in cash, and the other half representing the notes. *Held,* that the trust company was not liable on its guaranty for extra bricks, even though the price of certain of the extra bricks was included in one of the notes.

Argued Dec. 3, 1915. Appeal, No. 234, Oct. T., 1915, by plaintiffs, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1912, No. 236, on verdict for plaintiff in case of Independent Brick Selling Company to use of Independent Brick Company v. Central Trust & Savings

Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit on a guaranty.   Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100.85.   Plaintiff appealed.

*Error assigned* was in not entering judgment for the full amount of the claim.

*J. H. Buckman,* of *Buckman & Buckman,* for appellant.

*Edward Hopkinson, Jr.,* with him *Abraham M. Beitler,* for appellee.

OPINION BY TREXLER, J., May 9, 1916:

The plaintiff made a contract with J. M. Hendricks to supply him with the brick required in a certain building operation at a fixed price per thousand, the sum to be paid being $7,912.50.   One-half was to be paid in cash, the other in notes.   The contract further provided, "Should the number of each kind of brick shipped exceed the amount specified in this contract the amount to be paid the party of the second part (plaintiff) shall be increased to the value of such brick shipped and to be paid in like manner."   "It is further mutually understood and agreed by and between the parties hereto that the party of the second part shall not be required to proceed with the work or any part thereof at its option until they have received satisfactory written assurance from the Central Trust and Savings Co. guaranteeing the cash portion of this contract also guaranteeing payment in full of the aforesaid notes upon maturity."   The contract provided that no extra charge for material furnished whether called for in the contract or not should

be made unless the matter was first reduced to writing and approved by the company and such agreement was to be regarded as a separate and distinct contract. By a writing of even date, the trust company in consideration of $79.12 guaranteed to the plaintiff the sum of $3,956.25 in cash in accordance to the contract between the plaintiff and Hendricks above referred to, the amount to be paid by vouchers drawn by Hendricks and approved by the trust company and the trust company further guaranteed "that the payment of the several promissory notes of J. M. Hendricks mentioned in said contract will be paid when due or any renewals thereof."

Does the guarantee of the notes mentioned in said contract include such as were given for the extra brick subsequently purchased? We think not. The amount guaranteed was $7,912.50. The premium was one per cent. of this amount. The cash payment was one-half of this amount, to wit, $3,956.25, and the notes were to be for the other half. The guarantee was to be for the "notes mentioned in the contract," meaning those to which definite reference was made. The provision that the extra brick were to be paid in like manner was not a mentioning of the notes. The contingency of the purchase of extra brick was not included within the terms of the contract of guarantee. The amount of such purchase was not then ascertained. No extra materials were to be furnished unless a separate agreement was made in reference thereto, and approved by the trust company.

The argument of the plaintiff that there was a recognition of liability for extra brick in that some of the amount due for them was included in one of the notes given does not impress us. The trust company was not charged with that knowledge. There was nothing on the face of the notes to indicate that they were in part for extra brick. The company paid them in relief of its contract of guarantee. No contract for extra brick had been approved by it. We think the lower court rightly

held that the extent of the defendant's liability was $7,-912.50 and it having paid said sum, excepting $100.85, the latter sum was the amount for which judgment could be entered.

Judgment affirmed.